# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| COMPUTER PROGRAMMING UNLIMITED INC., | : | CASE NO. 3:21-cv-02350-JZ |
| Plaintiff, | : | JUDGE JACK ZOUHARY |
| v. | : | JURY DEMAND ENDORSED HEREON |
| HARTFORD CASUALTY INSURANCE COMPANY, | : | |
| Defendant. | : | |

## DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Hartford Casualty Insurance Company ("Hartford"), for its answer to the complaint of Computer Programming Unlimited Inc. ("CPU"):

## FIRST DEFENSE

1. States that while some of the information reflected in Paragraph 1 is consistent with what has been reported to it, it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 1, and therefore denies the same.

2. Admits it is a corporation organized under the laws of the state of Indiana, and answering further, states it engages in the business of insurance in a variety of states where it is authorized to do so, including the state of Ohio, and denies any remaining allegations contained in Paragraph 2.

3. States the Policy was issued with effective dates of June 19, 2020 to June 19, 2021; states the Policy together with all applicable declarations, exclusions, and endorsements speaks for itself and denies any allegations inconsistent with its contents; and denies any remaining allegations contained in Paragraph 3.

4. States that on or about February 1, 2021, it received correspondence dated January 25, 2021 from CPU counsel David Bryan, Esq. requesting the formal opening of a claim, that a claim was thereafter opened, and that after adjudicating the claim, it reached a decision on coverage, and denies any remaining allegations contained in Paragraph 4, including, but not limited to, any implicit or explicit allegations that CPU was entitled to coverage based on the facts and circumstances presented.

5. States that while some of the information reflected in Paragraph 5 is consistent with what has been reported to it, it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 5, and therefore denies the same.

6. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 6, and therefore denies the same.

7. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 7, and therefore denies the same.

8. States Paragraph 8 contains legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, states it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 8, and therefore denies the same.

9. Denies the allegations contained in Paragraph 9.

10. Denies the allegations contained in Paragraph 10.

11. States the letter of August 4, 2021 speaks for itself, and denies and any allegations in Paragraph 11 inconsistent with its contents.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

12. For its answer to Paragraph 12, Hartford realleges and restates, as if fully set forth herein, its answer to Paragraphs 1-11, above.

13. Denies the allegations contained in Paragraph 13.

14. Denies the allegations contained in Paragraph 14.

15. Denies the allegations contained in Paragraph 15.

16. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 16, and therefore denies the same.

17. Denies the allegations contained in Paragraph 17.

## SECOND CLAIM FOR RELIEF
### Bad Faith

18. For its answer to Paragraph 18, Hartford realleges and restates, as if fully set forth herein, its answer to Paragraphs 1-17, above.

19. States Paragraph 19 contains legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, states that it had those obligations set forth in the Policy and imposed by law; denies that it breached such obligations; and denies the remaining allegations contained in Paragraph 19.

20. Denies the allegations contained in Paragraph 20.

21. Denies the allegations contained in Paragraph 21, including, but not limited to, all subparts contained therein.

22. Denies the allegations contained in Paragraph 22.

23. Denies the allegations contained in Paragraph 23.

24. Denies the allegations contained in Paragraph 24.

25. Denies the allegations contained in Paragraph 25.

26. Denies the allegations contained in Paragraph 26.

27. Denies the allegations contained in Paragraph 27.

### THIRD CLAIM FOR RELIEF
### Declaratory Judgment

28. For its answer to Paragraph 28, Hartford realleges and restates, as if fully set forth herein, its answer to Paragraphs 1-27, above.

29. Denies the allegations contained in Paragraph 29.

30. Denies the allegations contained in Paragraph 30.

31. Denies the allegations contained in Paragraph 31 to the extent they are meant to suggest, implicitly or explicitly, that CPU made a valid claim for coverage under the facts and circumstances presented.

32. Denies the allegations contained in Paragraph 32.

### FOURTH CLAIM FOR RELIEF
### Punitive Damages

33. For its answer to Paragraph 33, Hartford realleges and restates, as if fully set forth herein, its answer to Paragraphs 1-32, above.

34. Denies the allegations contained in Paragraph 34.

35. Denies each and every remaining allegation contained in the complaint, including, but not limited to, any and all allegations in the headers and/or prayer for relief, not otherwise expressly admitted herein to be true.

### SECOND DEFENSE

36. The complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

37. Hartford incorporates by reference, as if fully set forth herein, the terms and conditions of the relevant insurance policy, Policy No. 45 SBA TC8427, together with all applicable declarations, limits, terms, conditions, endorsements, and exclusions of the Policy, and any other relevant policy applicable to any claim asserted by Plaintiff.

## FOURTH DEFENSE

38. Plaintiff failed to mitigate its alleged damages.

## FIFTH DEFENSE

39. There was reasonable justification for Hartford's claim-handling decisions

## SIXTH DEFENSE

40. Some or all of the alleged harm complained of is a result of the intervening and/or superseding actions of persons and/or entities whom Hartford does not control, including, but not limited to, the actions of Nuvolat Cloud Group, De Lage Landen Financial Services, or CoreSite, Inc.

## SEVENTH DEFENSE

41. Plaintiff's recovery from other persons or entities with respect to the matters alleged serves to reduce and/or eliminate its claims for indemnification from Hartford.

## EIGHTH DEFENSE

42. Plaintiff's request for punitive damages does not comport with applicable law, principles of due process, and/or is subject to statutory caps.

## NINTH DEFENSE

43. Hartford incorporates, as if fully set forth herein, the contents of its reservation of rights correspondence and its August 4, 2021 letter.

### TENTH DEFENSE

44. CPU failed to comply with applicable conditions under the Policy, including, but not limited to, as it relates to failing to provide evidence of direct physical loss or physical damage, failing to take reasonable steps to protected alleged Covered Property, and failing to timely provide requested and/or offered information in support of its claim.

### ELEVENTH DEFENSE

45. Hartford is entitled to a declaration that no coverage is afforded under the Policy under the facts and circumstances presented, including, *inter alia*, for the reasons set forth in its August 4, 2021 correspondence, incorporated by reference herein.

### TWELFTH DEFENSE

46. Hartford reserves the right to add to, alter or otherwise amend the foregoing list of defenses as ongoing proceedings reveal to be appropriate.

WHEREFORE, having fully answered the complaint, Hartford Casualty Insurance Company respectfully requests that the same be dismissed with prejudice, that it be awarded its costs and fees, and that the Court award it such other and additional relief and/or declarations the Court deems just and appropriate.

Respectfully submitted,

/s/ Katheryn M. Lloyd
Katheryn M. Lloyd (0075610)
Tadd L. Minton (0100254)
Carpenter Lipps & Leland LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
lloyd@carpenterlipps.com
minton@carpenterlipps.com

*Attorneys for Defendant*
*Hartford Casualty Insurance Company*

## **JURY DEMAND**

Defendant Hartford Casualty Insurance Company respectfully demands a jury of the maximum number allowable by law on all issues so triable.

/s/ Katheryn M. Lloyd

*One of the Attorneys for Defendant*
*Hartford Casualty Insurance Company*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Defendant Hartford Casualty Insurance Company's Answer To Plaintiff's Complaint was uploaded to the Court's electronic filing system this 21st day of December, 2021, which will cause service upon:

Katherine A. Pawlak Macek, Esq.
David A. Bryan, Esq.
Wasserman, Bryan, Landry & Honold LLP
1090 W. South Boundary St., Suite 500
Perrysburg, Ohio 43551
(419) 243-1239
KPawlak@wblhlaw.com
DBryan@wblhlaw.com

*Attorneys for Plaintiff*
*Computer Programming Unlimited Inc.*

/s/ Katheryn M. Lloyd
One of the Attorneys for Defendant
Hartford Casualty Insurance Company